# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

APTUS HEALTH, INC.,

    Plaintiff,

v.

JOHN DOE 1 and JOHN DOE 2,

    Defendants.

NO. C18-1351RSL

ORDER DENYING MOTION FOR EXPEDITED DISCOVERY

This matter comes before the Court on "Plaintiff Aptus Health, Inc.'s *Ex Parte* Motion for Leave to Conduct Expedited Discovery." Dkt. # 2. "[W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Soo Park v. Thompson, 851 F.3d 910, 928 (9th Cir. 2017) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Having reviewed the allegations of the complaint filed on September 12, 2018 (Dkt. # 1), the Court finds that the complaint is subject to dismissal because plaintiff has not "nudged [its] claims" of improper and illegal access to its computers "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

ORDER DENYING MOTION
FOR EXPEDITED DISCOVERY - 1

When determining whether a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), the question for the Court is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Id..

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Plaintiff alleges that it purchases Amazon gift certificates and stores the codes on its secure internal computer system. The codes are then assigned to healthcare professionals as a reward for engaging on plaintiff's website. Plaintiff further alleges that on January 12, 2018, it learned that some of the Amazon gift codes "were being redeemed by individuals other than the healthcare professionals to whom" they had been assigned. Dkt. # 1 at ¶ 11. Based on nothing more than these facts, plaintiff concludes "that unauthorized users, the John Doe Defendants, had improperly and illegally accessed" its private and secure computer system to steal the

Amazon gift codes. Dkt. # 1 at ¶ 12.[1] The conclusion does not follow from the premises. It is at least as likely, given the facts alleged, that the healthcare professionals gave the codes they were assigned to a co-worker, family member, or other third party to use. While it is possible that someone hacked into plaintiff's computers and stole the codes, the facts alleged do not give rise to a plausible claim of unlawful conduct.

For all of the foregoing reasons, plaintiff's motion for expedited discovery (Dkt. # 2) is DENIED. The Court assumes that plaintiff has additional facts supporting its conclusory and formulaic allegations of a Computer Fraud and Abuse Act violation. Plaintiff may, therefore, file an amended complaint within thirty days of the date of this Order. Failure to cure the identified deficiencies in a timely matter will result in the dismissal of this action.

Dated this 19th day of September, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiff further alleges that it conducted "an internal investigation into this matter" (Dkt. # 1 at ¶ 13), but does not allege that it found any evidence of unauthorized incursion into its computer system.

ORDER DENYING MOTION
FOR EXPEDITED DISCOVERY - 3